[Crim. No. 2922. First Dist., Div. Two. Mar. 10, 1954.]

THE PEOPLE, Respondent, v. HERBERT FRANK
HUGHES, Appellant.

Lawrence W. Jordan, Jr., under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Clayton R. Janssen, Jr., Deputy Attorney General, for Respondent.

NOURSE, P. J.—Appellant was charged with assault with a deadly weapon (Pen. Code, § 245) allegedly committed on December 7, 1952, and with two prior felony convictions. He pleaded not guilty to the assault but admitted the two prior convictions. He was found guilty by the court, jury trial having been waived.

On December 7, 1952, an assault with a knife was perpetrated on appellant's wife, with whom he was not living. In the assault she received numerous cuts, of which some nearly severed two of her fingers. She and a daughter of hers by a former marriage, who lived with her and who was present at the assault, testified that it was committed by defendant. A neighbor testified that she saw defendant enter, by a fire escape, the house in which his wife lived, saw the assault itself through a window and saw defendant leave along the fire escape, having blood on him. Appellant testified in his own defense. His testimony and that of two other defense witnesses related mainly to the fact that on December 5, 1952, an assault had been committed on the wife by another man.

There is no contention that the conviction was not supported by the evidence. Counsel, appointed by this court to represent appellant, makes two points and diligently argues them, but neither calls for a reversal.

(1) The first is that the district attorney was erroneously permitted, over objection, to question defendant as to an

assault made by him on his wife two years previous, contrary to the general rule as to inadmissibility of such evidence. ''The general tests of the admissibility of evidence in a criminal case are: . . . does it tend logically, naturally, and by reasonable inference, to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not.'' (*People* v. *Peete*, 28 Cal.2d 306, 315 [169 P.2d 924].) Here defendant testified in his own defense and the public defender, who assisted him at the trial, offered evidence of his conversation with the police to show that he was a man of peaceful character, who wanted no trouble and therefore called the police on December 5th after his wife had been assaulted and informed them about it; that he was not the type of man that would do the cutting. When the evidence of what he had said to the police had been excluded as hearsay, he testified that he said to his wife that there was nothing he could do because he could not go into her hotel any more because he was on probation for disturbing the peace. ''I have been as nice as I possibly could to you. I gave you $100 a month when I didn't have it to give to you.'' It was then that the district attorney brought up the prior assault. It can well be said that defendant's evidence as to his nice treatment of his wife also related to the proof of his character as excluding the assault charged and that therefore the prior assault on the wife was admissible to overcome such evidence. Evidence of good character to show the improbability of having done the act charged is material (8 Cal.Jur. 53-54) and when the issue is opened up by the defendant, the prosecution may rebut it also by a showing of other crimes. (22 C.J.S. 1077, note 75; see *People* v. *David*, 12 Cal.2d 639, 647 [86 P.2d 811].) The evidence as to the prior assault might also be relevant to the identity of the assailant, defendant having introduced the fact that another man had assaulted his wife. But even if the admission of the evidence as to the prior assault was erroneous the strength of the evidence against defendant is such that the possible error cannot have caused a miscarriage of justice and does not constitute a ground for reversal. (Cal. Const. art. VI, § 4½; *People* v. *Guthrie*, 103 Cal.App.2d 468, 472 [229 P.2d 841].)

■ (2) Appellant's second contention is that the above interruption by the district attorney of the interrogation of defendant by his counsel prevented defendant from developing his defense and from having a fair trial. No objection was made below to the untimeliness of the question; to the contrary, the public defender expressly declared that there was nothing more he could offer. Neither is there any statement on appeal of what defendant could have offered if he had not been interrupted. The second point is clearly without merit.

The judgment and the order denying a new trial are affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied March 25, 1954, and appellant's petition for a hearing by the Supreme Court was denied April 7, 1954. Carter, J., was of the opinion that the petition should be granted.